PETER L. CARR, IV (#256104)
pcarr@thePLClawgroup.com
NA'SHAUN L. NEAL (#284280)
nneal@thePLClawgroup.com
LAUREN K. MCRAE (#331296)
lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE: (310) 400-5895

ATTORNEYS FOR PLAINTIFF,
**RICKY BUTLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY BUTLER, an individual,<br><br>  Plaintiff,<br>  vs.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY GUYON FOXWELL; and DOES 1 through 10 inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>1. Excessive Force – 42 U.S.C. § 1983<br>2. Equal Protection Violation – 42 U.S.C. § 1983<br>3. Unlawful Policy, Custom and Practice – 42 U.S.C. § 1983<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RICKY BULTER complains of Defendants COUNTY OF SAN BERNARDINO, DEPUTY GUYON FOXWELL, and DOES 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are

-1-
COMPLAINT

within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Rancho Cucamonga, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

2. At all times in this Complaint, Plaintiff Ricky Butler (hereinafter "Mr. Butler" or "Plaintiff"), was and is a resident of the State of California in the County of San Bernardino.

3. Defendant COUNTY OF SAN BERNARDINO (hereinafter referred to as "COSB") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COSB possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF SAN BERNARDINO SHERRIFF'S DEPARTMENT  (hereinafter referred to as "SBSD") and its tactics, methods, practices, customs and usages.

4. Defendant Guyon Foxwell (Badge Number F4616, "Deputy Foxwell") is, and at all relevant times in this complaint was, an individual employed by SBSD, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, COSB.  He is being sued in his individual and official capacity.

5. At all relevant times mentioned herein and material hereto, the Defendant DOE Deputies described below engaged in law enforcement as deputies, sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant COSB, duly employed as police officers by its Sherriff Department, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

6. Plaintiff is informed and believes and thereon alleges that each of the

Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

8. Mr. Butler is a middle-age African-American male.

9. On June 26, 2017, Deputies Marquez and Applegate responded to an apartment complex located near the 1000 block of Foothill Boulevard in the City of Rancho Cucamonga at approximately 10:12 p.m.

10. When Deputies Marquez and Applegate arrived at the complex, Plaintiff was at an apartment requesting to speak with his son.

11. When Deputies Marquez and Applegate approached Plaintiff, he did not make any furtive movements toward the deputies. Mr. Butler also did not have anything in his hands.

12. When Deputies Marquez and Applegate arrived on the scene, they told Mr. Butler to relax and that they were there to help. When Mr. Butler replied he didn't need help, one of the deputies told Mr. Butler, "You're tensing your fists." Mr. Butler immediately responded, "Alright, I got them like this now." The deputies continued to talk with Plaintiff about what was going on in regard to Plaintiff's request to speak with his son.

13. Less than four minutes after Marquez and Applegate approached Plaintiff, Defendant Deputy Foxwell rushed to the area that Mr. Butler and other deputies

were standing.

14. As Defendant Deputy Foxwell approached, he yelled at Mr. Butler to put his hands behind his back. Mr. Butler immediately asked why in response. Deputy belt audio recording from the incident proves that two seconds after Deputy Foxwell's initial command, Deputy Foxwell ordered Mr. Butler to put his hands behind his back again. One second later, Defendant Deputy Foxwell tased Mr. Butler. Prior to tasing Mr. Butler, Deputy Foxwell did not provide a warning.

15. Mr. Butler did not pose a risk of harm to officers, or any person present.

16. After the initial tasing, Deputies Foxwell, Marquez, Applegate and Ibarra tackled Mr. Butler. Specifically, Deputies Applegate and Marquez took Butler's arms and pulled him to ground. Defendant Deputy Foxwell tased Mr. Butler again continuously, while Deputies Marquez and Applegate handcuffed Plaintiff as he was on the ground.

17. As a result of Defendant Deputies' use of brute force against Mr. Butler, he suffered a fractured bone, bruises, cuts and abrasions.

18. When Defendant Foxwell arrested Mr. Butler, Mr. Butler asked one of the deputies, "Why did you tase me?"

19. One of the Defendant Foxwell responded, "Because you are big and black. What did you expect us to do?"

20. After being taken to the patrol car, Mr. Butler complained to the arresting Defendant Foxwell that his arm was in pain. In response to his complaints, Defendant Foxwell told him to wait until he arrived at county jail. Later, Mr. Butler was transported to West Valley Detention Center for booking.

21. The District Attorney's Offices brought charges against Mr. Butler for resisting arrest. Mr. Butler successfully defeated the criminal charges against him for resisting arrest of Deputy Hollowell in November 2022.

22. During the prosecution of the case, Defendant Foxwell committed perjury when testifying that "several seconds" passed in between him telling Mr. Butler

to put his hands behind his back and tasing Mr. Butler. In addition, Deputy Foxwell made an inconsistent statement during the hearing, as he sought to justify his use of excessive force by embellishing the fabricated probable cause set forth in his report. Specifically, Deputy Foxwell's police report stated prior to tasing Mr. Butler, Mr. Butler "leaned towards" him; at the hearing, Deputy Foxwell testified that Mr. Butler "walked towards" him.

23. Defendant Deputy deliberately failed to provide information to cover up their excessive force. Deputy belt audio recording audio recording indicates that one of the Defendant Foxwell received a video capturing part of the incident from a witness, following the incident. Defendant Foxwell failed to produce said video in the criminal prosecution of Mr. Butler. In addition, Deputy Applegate stated in his police report, "A small crowd of approximately 20 people started to get closer to Marquez and I as they video taped the incident." Yet, the deputies failed to produce any video evidence n Mr. Butler's criminal prosecution.

24. Defendant owed to Plaintiff non-consensual duties set forth in California Penal Code Sections 118.1 (false police report): 148.5 (false report of a crime); 134 (preparing false evidence); 132 (offering false evidence); 127 (subordination of perjury); 137 (induce false testimony); 182(1) (conspiracy to commit crime); 182(2) (conspiracy to obstruct justice); 832.5 (personnel complaint investigations required); and Gov. Code § 1031 (duty to investigate hires).

# FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, DUE PROCESS DEPRIVATIONS – 42 U.S.C. § 1983
### (Against Deputy Foxwell)

25. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

26. Both prior to and during the time in which the Defendant Foxwell injured

Mr. Butler, he posed no reasonable threat of violence or danger to the Defendant Foxwell or to any other individual, as he was not armed with any kind of weapon. Furthermore, Mr. Butler made no aggressive movements, furtive actions, or physical movements that would have suggested to a reasonable officer that Mr. Butler was armed with any kind of weapon, or had the will or the ability to inflict substantial bodily harm against any individual. Additionally, the Defendant Foxwell were not faced with any circumstances that would have led a reasonable officer to believe that Mr. Butler posed a risk of death or serious bodily injury to any person. Both prior to and during the time in which the Defendant Foxwell injured Mr. Butler, he did not consent to the use of force used upon him.

27. This action at law for money damages arises under Title 42 U.S.C § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth and Fourteenth Amendments of the Unites States Constitution.

28. Without cause, authority or justification, and acting under color of law, the individual Defendant intentionally and maliciously deprived Plaintiff of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a proximate result of the aforesaid acts and omissions of Defendant, Plaintiff sustained great physical and mental pain, as well as shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

30. Plaintiff suffered special and general damages in an amount to be proven at trial.

31. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

32. The aforementioned acts and omissions of Defendant was committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious and deliberate disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS, EQUAL PROTECTION VIOLATION – 42 U.S.C. § 1983**

**(Against Deputy Foxwell and DOES 1-10)**

33. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

34. This cause of action arises under the Equal Protection Clause of the 14th Amendment, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the U.S. Constitution.

35. As a result of the above described intentional acts and omissions of the defendants, collectively and individually, Plaintiff's Fourteenth Amendment constitutional right to be free from racial discrimination, was violated when: Deputy Foxwell violated Plaintiff's rights against unreasonable seizures, abuse, battery, due process of law and liberty interests, as well as freedom from groundless criminal accusations, on account of his race.

36. The conduct of the Defendant Foxwell was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Deputies.

37. As a result of the conduct of Defendants, they are liable for Plaintiff's

injuries, either because they were integral participants in the violation of Plaintiff's Equal Protection rights or because they failed to intervene to prevent these violations.

38. Accordingly, Defendants are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this claim.

## FOURTH CAUSE OF ACTION
## UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983
### (Against Defendant COSB)

39. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

40. Defendant COSB, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant COSB possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the and its tactics, methods practices, customs and usages.

41. At all times herein mentioned, Defendant Foxwell and DOES 1-10, were employees acting under the COSB's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace deputies for the COSB.

42. The unconstitutional policies, practices or customs promulgated, sanctioned

or tolerated by Defendants COSB and include, but are not limited to:

 a. Defendants COSB had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety, protection of citizens rights and the Plaintiff's liberty interests;

 b. Defendant COSB refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

 c. Defendant COSB refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by COSB employees;

 d. Defendant COSB reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by COSB employees;

 e. Defendant COSB covered up acts of misconduct and abuse by COSB employees and sanctioned a code of silence by and among its officers;

 f. Defendant COSB failed to adequately supervise the actions of employees under its control;

 g. Defendant COSB condones and participates in the practice of making false statements and prosecuting groundless criminal charges for the purpose of insulating COSB employees from civil liability;

 h. Defendant COSB condones and participates in the practice of reducing or dismissing criminal charges against individuals in order to release them from civil liability;

 i. Defendant COSB tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

 j. Defendant COSB tacitly condones and encourages use of excessive

force on citizens;

k. Defendant COSB fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by June 26, 2017, and thereafter, represented the unconstitutional policies, practices and customs of the COSB and

l. Defendant COSB's arrest and unlawful use of force of Mr. Butler is a part of practice and pattern of COSB's unlawful mistreatment and criminalization of African-Americans.

43. The named deputy defendants participated in the blue wall of silence to cover up their misconduct. Here, Defendant Foxwell was dishonest about their observations, fabricated probable cause, wrote false police reports, committed perjury and deliberately failed to provide information to cover up their excessive force. Defendant Foxwell was not reprimanded for their misconduct.

44. On information and belief, Defendant Deputies' conduct was ratified by policy makers of the COSB.

45. Misconduct committed by Defendant Foxwell goes unchecked by the COSB, which has failed to supervise its employees of its sheriff's department. Examples of this are reflected in the following incidents:

(a) In 2017, KPCC reported that the California Department of Justice provided data concerning use of force, including shootings. The data revealed use of force has been disproportionately directed at Black Californians. In particular, KPCC reported San Bernardino County had an elevated rate of excessive force rates.

(b) In 2018, a San Bernardino County Sherriff's Deputy was caught on video using excessive force. Specifically, the officer repeatedly kicked a handcuffed man in the head, as well as stomped on his head.

(c) In 2015, COSB did not terminate or reprimand Steven Richter, a sheriff deputy who stole thousands of bullets from the department. In fact, the COSB did not charge the officer and Steven Richter was allowed to resign.

46. By reason of the aforesaid policies, customs, practices and usages, Plaintiff's Fourth and Fourteenth Amendments to the United States Constitution were violated, causing him to suffer physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

47. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For prejudgment interest;
5. For attorney's fees pursuant to 42 U.S.C. § 1983;
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: October 16, 2023                    **PLC Law Group, APC**

/s/Na'Shaun L. Neal
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff Ricky Butler

## REQUEST FOR JURY TRIAL

PLAINTIFF hereby respectfully demands a trial by jury on all issues and claims.

Dated: October 16, 2023       **PLC Law Group, APC**

/s/Na'Shaun L. Neal
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff Ricky Butler