ADAM L. MIEDERHOFF (CA State Bar No. 261913)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5446
Facsimile: (909) 387-4069
E-Mail: Adam.Miederhoff@cc.sbcounty.gov

Attorneys for Defendants, SAN BERNARDINO COUNTY (erroneously sued and served as County of San Bernardino) and GUYON FOXWELL (erroneously sued and served as Deputy Guyon Foxwell)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY BUTLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY GUYON FOXWELL and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-02147 RGK (Ex)<br><br>**ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Assigned to:<br>Honorable R. Gary Klausner<br>United States District Judge<br><br>Referred to:<br>Honorable Charles F. Eick<br>United States Magistrate Judge |

COMES NOW Defendants, SAN BERNARDINO COUNTY (erroneously sued and served as County of San Bernardino) and GUYON FOXWELL (erroneously sued and served as Deputy Guyon Foxwell), in answer to Plaintiff RICKY BUTLER's Complaint for Damages on file herein, and admit, deny, and allege as follows:

**VENUE AND JURISDICTION**

1.  In responding to the allegations set forth in Paragraph 1, Defendants admit jurisdiction and venue are proper, but deny all factual allegations.

////

## II.

## PARTIES

2. In responding to the allegations set forth in Paragraph 2, Defendants lack sufficient information to admit or deny the allegations in this paragraph. For that reason, Defendants deny the factual allegations in this paragraph.

3. In responding to the allegations set forth in Paragraph 3, Defendants admit.

4. In responding to the allegations set forth in Paragraph 4, Defendants admit Guyon Foxwell was acting in the course and scope of his employment with the County of San Bernardino at the time of the alleged incident. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. For that reason, Defendants deny the remaining factual allegations in this paragraph.

5. In responding to the allegations set forth in Paragraph 5, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

6. In responding to the allegations set forth in Paragraph 6, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

7. In responding to the allegations set forth in Paragraph 7, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

## FACTUAL ALLEGATIONS

8. In responding to the allegations set forth in Paragraph 8, Defendants admit.

9. In responding to the allegations set forth in Paragraph 9, Defendants admit.

10. In responding to the allegations set forth in Paragraph 10, Defendants lack sufficient information to admit or deny this allegation, and on that basis deny.

11. In responding to the allegations set forth in Paragraph 11, Defendants lack sufficient information to admit or deny this allegation, and on that basis deny.

12. In responding to the allegations set forth in Paragraph 12, Defendants lack sufficient information to admit or deny this allegation, and on that basis deny.

13. In responding to the allegations set forth in Paragraph 13, Defendants deny.

14. In responding to the allegations set forth in Paragraph 14, Defendants deny.

15. In responding to the allegations set forth in Paragraph 15, Defendants deny.

16. In responding to the allegations set forth in Paragraph 16, Defendants deny.

17. In responding to the allegations set forth in Paragraph 17, Defendants deny as to the level of force and Defendants lack sufficient information to admit or deny the remaining allegations, and on that basis deny.

18. In responding to the allegations set forth in Paragraph 18, Defendants lack sufficient information to admit or deny this allegation, and on that basis deny.

19. In responding to the allegations set forth in Paragraph 19, Defendants deny.

20. In responding to the allegations set forth in Paragraph 20, Defendants admit Plaintiff was sent to the hospital for his complaints of right elbow pain. Defendants deny the remaining allegations in this paragraph.

21. In responding to the allegations set forth in Paragraph 21, Defendants lack sufficient information to admit or deny this allegation, and on that basis deny.

22. In responding to the allegations set forth in Paragraph 22, Defendants deny.

23. In responding to the allegations set forth in Paragraph 23, Defendants deny.

24. In responding to the allegations set forth in Paragraph 24, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

////

////

////

ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION
# VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, DUE PROCESS DEPRIVATIONS 42 U.S.C. SECTION 1983

25. In responding to the allegations set forth in Paragraph 25, Defendants deny.

26. In responding to the allegations set forth in Paragraph 26, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

27. In responding to the allegations set forth in Paragraph 27, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

28. In responding to the allegations set forth in Paragraph 28, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

29. In responding to the allegations set forth in Paragraph 29, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

30. In responding to the allegations set forth in Paragraph 30, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

31. In responding to the allegations set forth in Paragraph 31, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

32. In responding to the allegations set forth in Paragraph 32, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS, EQUAL PROTECTION VIOLATION –
## 42 U.S.C. SECTION 1983

33. In responding to the allegations set forth in Paragraph 33, Defendants deny.

34. In responding to the allegations set forth in Paragraph 34, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

35. In responding to the allegations set forth in Paragraph 35, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

36. In responding to the allegations set forth in Paragraph 36, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

37. In responding to the allegations set forth in Paragraph 37, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

38. In responding to the allegations set forth in Paragraph 38, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

# FOURTH [sic] CAUSE OF ACTION
# UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983

39. In responding to the allegations set forth in Paragraph 39, Defendants deny.

40. In responding to the allegations set forth in Paragraph 40, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

41. In responding to the allegations set forth in Paragraph 41, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

42. In responding to the allegations set forth in Paragraph 42 (a) through (l), Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

43. In responding to the allegations set forth in Paragraph 43, Defendants deny.

44. In responding to the allegations set forth in Paragraph 44, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

45. In responding to the allegations set forth in Paragraph 45 (a) through (c), Defendants deny.

46. In responding to the allegations set forth in Paragraph 46, Defendants assert that the allegations constitute legal conclusions, to which no response from the Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

47. In responding to the allegations set forth in Paragraph 47, Defendants assert that the allegations constitute legal conclusions, to which no response from the

ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

Defendants is required. To the extent that this paragraph is determined to contain factual allegations, Defendants deny those allegations.

## REQUEST FOR RELIEF

48. Defendants deny that Plaintiff is entitled to any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

49. At all times relevant to this litigation, Defendants acted in good faith and with probable cause and at no time did the Defendants know or should the Defendants have known that the actions taken within the sphere of the Defendant's official responsibility would violate the constitutional rights of the Plaintiff and the Plaintiff is thereby precluded from maintaining her causes of action for violation of his civil rights, under principles of qualified immunity. [Harlow v. Fitzgerald, 457 US 800 (1981)]

## SECOND AFFIRMATIVE DEFENSE

50. At all times relevant to this litigation, the Defendants acted in good faith and with probable cause and entertained an honest reasonable belief that the Defendant's actions were reasonable and necessary thereby precluding the Plaintiff from maintaining any causes of action for violation of her civil rights. [Pierson v. Ray, 386 U.S. 547 (1967)]

## THIRD AFFIRMATIVE DEFENSE

51. At no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of the Defendant was, at most, a mere negligent act of an official causing unintended loss of or injury to life, liberty or property and the Plaintiff is, therefore, precluded from maintaining her causes of action for violations of his civil rights. [Daniels v. Williams, 447 U.S. 327 (1986)]

## FOURTH AFFIRMATIVE DEFENSE

52. At no time relevant to this litigation did the Plaintiff sustain any violation of his civil rights pursuant to a governmental custom or practice, thereby precluding the Plaintiff from maintaining his cause of action for violations of his civil rights. [Monell v. Dept. of Social Services, 436 U.S. 658 (1978)]

## FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## PRAYER

WHEREFORE, the answering Defendants pray that:

1. Plaintiff takes nothing by reason of the Complaint for Damages;
2. For costs of suit herein incurred;
3. For defense costs, including reasonable attorney fees; and,
4. For such other and further relief as the Court may deem just and proper.

DATED: January 11, 2024          TOM BUNTON
                                 County Counsel


                                 */s/ Adam L. Miederhoff*
                                 ADAM L. MIEDERHOFF
                                 Deputy County Counsel
                                 Attorneys for Defendants,
                                 San Bernardino County and Guyon Foxwell

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendants, SAN BERNARDINO COUNTY and GUYON FOXWELL hereby demand a trial by jury, pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

DATED: January 11, 2024

TOM BUNTON
County Counsel

*/s/Adam L. Miederhoff*
ADAM L. MIEDERHOFF
Deputy County Counsel
Attorneys for Defendants,
San Bernardino County and Guyon Foxwell

ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL